**Angela JORDAN, Plaintiff–Appellant,**

**v.**

**OLSTEN CORPORATION, Olsten
Health Services, Defendants–
Appellees.**

Docket No. 00–9222.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2001.

Angela Jordan, pro se, Buffalo, NY, for
Appellant.

Michael R. Moravec, Phillips, Lytle, Hitchcock, Blaine & Huber., LLP, Buffalo, NY, for Appellee.

Present OAKES, CARDAMONE, and POOLER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Angela Jordan, an African–American woman, appeals from a judgment of the United States District Court for the Western District of New York that granted defendants Olsten Corporation's and Olsten Health Services' (collectively, "Olsten") request for summary judgment. In her Title VII complaint, Jordan claimed that Olsten fired her on the basis of her race.

In a careful and thorough opinion, the district court noted that Olsten conceded for purposes of the summary judgment motion that Jordan had established a prima facie case. *Jordan v. Olsten Corp.,* 111 F.Supp.2d 227, 233 (W.D.N.Y.2000). The court also found that Olsten articulated a legitimate, non-discriminatory reason for the termination by offering evidence that Joyce Markiewicz, Olsten's local branch director, fired Jordan because Markiewicz believed "Jordan had improperly learned of and then divulged the salary figures for several administrative personnel" working in the same branch office as Markiewicz and Jordan. *Id.* at 233–34. Finally, the court determined that Jordan failed to offer evidence from which a reasonable factfinder could conclude that Olsten's proffered reason was pretextual or its true reason discriminatory. *Id.* at 238.

■ On appeal, Jordan argues that (1) the district court disregarded evidence that Mary Martha Russell, Markiewicz' subordinate, had a discriminatory animus and "tilted Markiewicz's indecision toward termination;" and (2) Olsten offered only flimsy evidence of misconduct on Jordan's part and bypassed progressive discipline, suggesting that its reasons for firing Jordan were pretextual.

"We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party." *Lovejoy–Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 212 (2d Cir.2001). Because neither party questions the district court's assumption that plaintiff produced evidence sufficient to support a prima facie case or its finding that Olsten met its burden of production, we examine only the sufficiency of Jordan's evidence that Olsten's purported reason was pretextual and its true reason discrimination. "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

To support her claim that Russell disliked African Americans, Jordan offers her own testimony that (1) Russell told her that the people she supervised worked better for her because she was black and (2) Russell berated her on two occasions in front of other employees but never treated white employees in this fashion. In light of the ambiguous nature of the remark, which could be construed either as praise or condescension, it does not demonstrate a discriminatory animus. Jordan's assertion that Russell never berated white employees in front of co-workers "in similar

circumstances" is unsupported by any description of a similar instance in which Russell failed to act against a white employee. Thus, Jordan failed to offer proof from which a reasonable fact finder could conclude that Russell had a discriminatory animus. Moreover, Jordan did not offer competent proof that Russell had any role in the decision to terminate her. Jordan testified that her termination occurred at a meeting with Markiewicz, Russell, and another administrator and that, at one point, Russell and Markiewicz left the room. According to Jordan, when the two returned, Russell gathered Jordan's possessions and did not allow her to return to her desk. Russell and Markiewicz, the only two people who knew what happened outside the room, testified that Markiewicz was the decision maker. Russell said that she asked Markiewicz if she wanted Jordan terminated on that date, and Markiewicz said that she did but couldn't do it. Russell then asked if Markiewicz would like Russell to do it for her, and Russell responded that she would. Markiewicz swore that she made the decision to terminate Jordan before the meeting and that the decision was hers alone. In addition, Jordan herself acknowledged that only Markiewicz had the authority to fire her and that Markiewicz signed the termination slip. Jordan's suggestion that Russell persuaded Markiewicz to fire her for racial reasons is mere speculation and thus insufficient to defeat Olsten's well supported motion for summary judgment. *See Morris v. Lindau,* 196 F.3d 102, 109 (2d Cir.1999) (internal quotation marks omitted) ("[T]he non-moving party [on a summary judgment motion] may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of the events is not wholly fanciful.").

Nor does Jordan's claim that her termination was based on flimsy evidence create an issue of fact on pretext or discrimination. The uncontroverted evidence demonstrates that Markiewicz received advice from another employee that Jordan had discussed the salaries of three administrators with co-workers. With the exception of Markiewicz' own salary [1], the figures that Jordan had cited were accurate though within a range. The company considers salary information to be subject to its confidentiality policies. Before terminating Jordan, Markiewicz interviewed at least one other employee who had been present at the meeting where Jordan made her comments and who confirmed the initial report. Even if Markiewicz could have conducted a better investigation or was wrong in her conclusions concerning Jordan, nothing in her investigation or conclusion suggests pretext or a discriminatory motive.

Finally, Jordan offers no evidence that progressive discipline was the required or even the normal procedure for transgressions such as hers. Therefore, the district court correctly concluded that Jordan failed to create an issue of fact on pretext or discriminatory motive.

1. Markiewicz' salary information was not kept on the premises.